ALVIS *et ux. v.* J. B. COLT & Co.

(Division B. Oct. 24, 1932.)

[143 So. 888. No. 30125.]

**J. W. T. Falkner,** of Oxford, for appellants.

**L. G. Fant, Jr.,** of Holly Springs, for appellee.

Argued orally by **J. W. T. Falkner**, for appellant, and **Lester G. Fant, Jr.**, for the appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

J. B. Colt & Co. filed a bill in the chancery court against Mr. and Mrs. H. W. Alvis, the appellants, alleging that they entered into a formal written contract, copy of which was attached to the bill and made a part thereof, by which the appellees, J. B. Colt & Co., sold, and appellants, H. W. Alvis and wife, agreed to buy, certain personal property described as one carbide generator and equipment, and that; in pursuance of this contract, appellees delivered said property to the appellants, which they duly accepted, and therefor executed and delivered

two promissory notes payable to appellees, one for fifty dollars due November 1, 1927, and one for two hundred eighty-seven dollars due November 1, 1928; both bearing eight per cent interest and ten per cent attorney's fees. On November 3, 1927, it is alleged that appellees forwarded the fifty dollar note, above mentioned to the First National Bank of Oxford for collection, but from the best information and belief said bank never received said note, but that said note came into the hands of some other person to the complainant unknown, and that another letter was written to Alvis directing his attention to the fact that the note had been forwarded to the First National Bank of Oxford for payment; and for him to call by the bank and pay it. Alvis did not pay to J. B. Colt & Co. said note, and did not respond to the notices mailed him in regard thereto, but claimed that he had already paid said note to some person whose name he did not remember, but who purported to be the agent of Colt & Co., and that said note was paid in satisfaction of all demands of Colt & Co.

The appellees, Colt & Co., requested a description of the person to whom Alvis claimed to have paid the note, but he could only give a very vague description, being unable to give the name.

Suit was filed for a discovery against Alvis and the bank, and for judgment against Alvis for the two notes above described.

It appears from the record that it was the custom of Colt & Co., in sending out notes for collection, to send to the promissor a copy of the letter to the bank with a notation on the bottom of such copy to the promisor to call at the bank and make payment; that the secretary of the company, or the officer having charge of this transaction, testified that these letters to the bank and the copies to Alvis were signed and laid on the desk with the note attached to the letter to the bank, with envelopes addressed to the parties ready to be mailed by the mailing

clerk, it being the custom of the mailing clerk to fold, seal, and mail such letters. It appeared further that not having an acknowledgment from the bank of the receipt of the note, a second letter was written, which, for some reason, was not answered. Colt & Co. then wrote the postmaster requesting him to ascertain from the bank whether it had received the note, and that the postmaster secured the information from that bank that the note had not been received by it, and that the letters were filed with the bank, and the note never paid to it.

Alvis testified that he received the copies of the letters to the bank with notation thereon, as claimed in the declaration, and that he was preparing to go over and see about the matter when some person described as a low, heavy-set person about five feet tall, with a florid complexion, came in with the note for fifty dollars, and that he then told this party that the lighting equipment contracted for was defective, and was not automatic, or self-lighting, as it was supposed to be; and that, after negotiations and discussions, this supposed agent stated that if he would pay the note he then held that he, said supposed agent, would settle the entire matter; that he then gave said agent two twenty dollar and one ten dollar bills, and the note was delivered to Alvis. The note was produced and showed that it was made payable to the order of J. B. Colt & Co., and that it had no indorsement on it.

There was testimony showing that J. B. Colt & Co. had no agent in that territory collecting or representing it, and had not turned over that particular note to any collector.

Alvis also testified that he had some persons who he thought represented Colt & Co. to inspect the lighting plant, and they were unable to make it operate successfully, and that it would at times burn or light, and at other times it would not, and that it was not automatic. In other words, when the lights were turned out at night,

instead of lighting again, by self-feeding, he would have to wait until the following day and put in new materials. He also testified that this lighting equipment was installed by a person employed by the manufacturing company who sold it to J. B. Colt & Co.

The contract was in the usual form of contracts, such as we have heretofore dealt with in numerous cases, holding that defenses such as here sought, were not available.

The chancellor found for the complainants, but, in fixing the decree an error was made, it fixing a greater amount due than was due under the terms of the notes. This was a mere error of calculation or a clerical error. The chancellor could have found, and no doubt did, that, by error, the mailing clerk inclosed the original note in the copy to Alvis instead of in the original letter to the bank, and that Alvis sought to take advantage of this mistake and to defeat the complainant's right of action. The chancellor was warranted, both in law and fact, in his judgment of liability. The judgment will be affirmed as to Alvis, and wife, but will be corrected here, as it might be any time in the court below, by entering the correct amount as shown on the face of the notes, with interest from November 1, 1927, and ten per cent attorney's fees.

Affirmed, with remittitur.